IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Jerod Saunders,<br>    Plaintiff, | )<br>)<br>) | |
| v. | ) | 1:18cv91 (LMB/TCB) |
| Nathan J. Moore, et al.,<br>    Defendants. | )<br>)<br>)<br>) | |

MEMORANDUM OPINION AND ORDER

Jerod Saunders, a Virginia inmate acting pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, seeking monetary damages on the theory that his arrest for obscenity resulted from the defendants' failure to treat his exhibitionist behavior. Plaintiff has applied to proceed in forma pauperis in the action. For the following reasons all the claims in the amended complaint, with the exception of the false arrest claim, will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim for which relief can be granted;[1] the false arrest claim will be dismissed, without prejudice, as premature.

---

[1] Section 1915A provides:

> (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>     (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

1

In the initial complaint, Saunders stated that he was arrested on November 14, 2017 on a charge of intentionally making an obscene display of his person or private parts in violation of Va. Code § 18.2-67.5:1 and was housed at the Piedmont Regional Jail, where he remains awaiting resolution of the charge. He also alleges that he was previously designated a sexually violent predator and confined at the Virginia Center for Behavioral Research ("VCBR"), where he allegedly was "abused and neglected by ... treatment staff." Compl. § V.

In an Order dated February 2, 2018, plaintiff was advised that his apparent belief that his arrest stemmed from the allegedly inadequate treatment he received at VCBR did not state a claim of an Eighth Amendment violation. [Dkt. No. 3] In deference to his pro se status he was provided with an opportunity to submit a particularized and amended complaint, and was given detailed directions as to how to draft and organize his claims to state cognizable predicates for § 1983 relief. He also was advised that the particularized and amended complaint would serve as the sole complaint in this action and would stand or fall of its own accord. Id.

Saunders has submitted his amended complaint, in which he sets out three claims. First, he alleges that in October, 2017, defendant Dr. Schlank, the clinical director at VCBR, "violated [his] civil right [sic]" by failing to place him in groups like "Cobertsization [sic] and Arousal Management" that could have helped with his known exhibitionist behavior. Am. Compl. § IV. Second, on November 8, 2017 plaintiff was called back from segregation to attend his main group, where they talked about the issue from 1:45 until the group ended at 3:05. Plaintiff was returned to segregation and was not allowed to attend the group again the next day. Plaintiff asserts that this amounted to "abuse and neglect" by defendant Person, the head of plaintiff's treatment team. Id. Lastly, he alleges that on November 13, 2017, his rights were read to him by

defendant Nathan Moore, VCBR's chief of security, and plaintiff was arrested for indecent exposure the following day. He argues that this violated his rights under the Eighth Amendment because he was "punish[ed] [be]cause of [his] diagnoses." Id.

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," id.; however, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level...". Twombly, 550 U.S. at 55.

Taking all of the allegations in the particularized and amended complaint as true, plaintiff has failed to state a claim for § 1983 relief against defendants Schlank and Person. To state a

3

cause of action under § 1983, a plaintiff must allege facts indicating he was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988). As to defendant Person, plaintiff alleges only a "cause of abuse and neglect," Am. Compl. at § IV, which patently falls short of stating a claim for which § 1983 relief is available. As to Dr. Schlank, plaintiff's claim that his rights were violated when he failed to receive treatment for his exhibitionist behavior is belied by his factual allegations. Plaintiff states that after he was placed in segregation he was "called back" to his main group, and the issue of his indecent exposure was discussed for an hour and twenty minutes. Id. By plaintiff's own admission, then, therapeutic treatment for his behavior was provided.

Lastly, the contention that VCBR's chief of security, Nathan Moore, violated plaintiff's rights by arresting him for his "exhibitionist behavior" appears to be best construed as a claim of false arrest, and at this juncture such a claim is premature. In this circuit, a § 1983 claim for false arrest is properly understood "as a Fourth Amendment claim for unreasonable seizure which incorporates some of the elements of the common law tort." Brown v. Gilmore, 278 F.3d 362, 367 (4th Cir. 2002). To state a claim of false arrest, a plaintiff must show that the defendant lacked probable cause. Id. (recognizing that a plaintiff alleging a § 1983 false arrest claim needs to show that the officer decided to arrest him without probable cause to establish an unreasonable seizure under the Fourth Amendment). Because plaintiff has not yet been tried on the pending charge, it cannot be determined at this time whether a cause or action for false arrest will or will not lie. For this reason, plaintiff's claim against defendant Moore will be dismissed, without prejudice, as premature. Accordingly, it is

ORDERED that plaintiff's claims against defendants Dr. Schlank and Mr. Person be and are DISMISSED WITH PREJUDICE pursuant to § 1915A(b)(1) for failure to state a claim for which relief can be granted; and it is further

ORDERED that plaintiff's claim against defendant Nathan Moore be and is DISMISSED WITHOUT PREJUDICE, as premature; and it is further

ORDERED that plaintiff's Motion for Leave to Proceed in forma pauperis [Dkt. No. 2] be and is DENIED AS MOOT.

To appeal this decision, plaintiff must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the Court. Failure to file a timely notice of appeal waives the right to appeal this Memorandum Opinion and Order.

The Clerk is directed to send of copy of this Order to plaintiff and to close this civil action.

Entered this 28th day of February 2018.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge

5